UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CONER S. REED, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TRUGREEN LIMITED PARTNERSHIP,<br><br>    Defendant. | Case No.2:22-cv-2265 |

## CLASS ACTION COMPLAINT

**NOW COMES** CONER S. REED ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of TRUGREEN LIMITED PARTNERSHIP ("Defendant"), as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2.  "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3.  As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(1) as Defendant maintains its principal place of business in this judicial district and therefore resides in this judicial district.

## PARTIES

6. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Canton, Mississippi and Birmingham, Alabama.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant is a limited partnership that maintains its principal place of business in Memphis, Tennessee.

9. Defendant is a national lawn care service provider that provides lawn care services to consumers and businesses nationwide, including consumers and businesses in Tennessee.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0432.

12. At all times relevant, Plaintiff's number ending in 0432 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

14. In 2020, Plaintiff signed up for lawn care services from Defendant.

15. In August 2020, Plaintiff called Defendant and spoke with Defendant's representative, Susan Wallace.

16. During this phone call, Plaintiff stated that he no longer needed Defendant's services and cancelled his account with Defendant.

17. In August 2021, Plaintiff started receiving collection calls from Defendant in an attempt to collect an alleged balance on Plaintiff's cancelled account.

18. In September 2021, Plaintiff answered one of Defendant's collection calls.

19. During this call, Plaintiff (1) advised Defendant that there is no balance on his account because he made all payments through the date he cancelled his account and (2) requested that Defendant cease its erroneous collection calls.

20. In response, Defendant's representative advised Plaintiff that it would (1) notate that Plaintiff disputes the balance and (2) process his request that the calls cease.

21. Plaintiff's request that Defendant cease its erroneous collection calls cease fell on deaf ears and Defendant continued placing daily collection calls to Plaintiff's cellular phone.

22. Specifically, Defendant placed 2 to 3 erroneous collection calls per weekday to Plaintiff's cellular phone.

23. When Defendant's erroneous collection calls went unanswered, Defendant left automated prerecorded voicemails ("robocalls") on Plaintiff's cellular phone stating:

> "Hello, this is TruGreen calling with an important message regarding your account. It's important that you give us a call back at (833) 305-3003. Thank you for your business."

24. All of Defendant's robocalls were 13 seconds long and delivered the same message described in Paragraph 23.

25. All of Defendant's robocalls were placed from the phone number (386) 518-9310.

26.     To date, Defendant has placed no less than forty (40) robocalls to Plaintiff's cellular phone *after* Plaintiff requested that the calls cease.

27.     Defendant's incessant robocalls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including, aggravation that accompanies unwanted robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

28.     Moreover, each time Defendant placed a robocall to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

29.     Due to Defendant's refusal to honor Plaintiff's request that Defendant cease its erroneous robocalls, Plaintiff was forced to retain counsel and file this action to compel Defendant to cease its invasive practices.

## CLASS ALLEGATIONS

30.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) at a time in which he/she did not have an open account with Defendant; (6) within the four years preceding the date of this Complaint through the date of class certification.

32. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

33. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

34. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

35. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

36. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

37. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

38. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

39. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.      Superiority and Manageability**

40. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

41. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

42. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.      Adequate Representation**

44. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

45. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

46. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

<u>**CLAIMS FOR RELIEF**</u>

**COUNT I:**
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

47. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

48. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than forty (40) non-emergency robocalls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent.

49. As pled above, Defendant used an artificial or prerecorded voice that automatically played upon reaching Plaintiff's voicemail.

50. As pled above, Defendant did not have consent to place robocalls to Plaintiff's cellular phone as Plaintiff requested that Defendant cease its erroneous collection calls in September 2021.

51. Upon information and belief, Defendant does not maintain adequate procedures to effectively process cease-call requests or otherwise comply with the TCPA.

52. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

53. As pled above, Plaintiff was harmed by Defendant's unlawful robocalls.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, requests the following relief:

a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. a judgment in his favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c. an order enjoining Defendant from placing further unlawful calls to Plaintiff and the members of the Putative Class;

    d.    an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

    e.    an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

    f.    an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: April 27, 2022

Respectfully submitted,

**CONOR S. REED**

By: */s/ Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*