IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **CONER S. REED, individually, and on behalf of all others similarly situated,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No.: 2:22-cv-02265-SHL-cgc ) |
| **TRUGREEN LIMITED PARTNERSHIP,** | ) ) ) |
| **Defendant.** | ) |

**JOINT REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING**

Plaintiff Coner S. Reed and Defendant TruGreen Limited Partnership submit the following as their Joint Report of the Parties' Rule 26(f) Planning Meeting:

1. The following persons participated in a Rule 26(f) conference on June 3, 2022, by telephone/videoconference: Mohammed O. Badwan, attorney for Plaintiff; George T. Lewis, III, and Ryan A. Strain, attorneys for Defendant.

2. Initial Disclosures: See Paragraphs 3 and 3(d) below.

3. Discovery Plan: Defendant contends the parties agreed to arbitrate the claim asserted in Plaintiff's Complaint and, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, Defendant intends to file a motion to stay this action (including any requirement that Defendant further move, answer, plead, or otherwise respond to Plaintiff's Complaint) until any such arbitration is complete. The parties agree discovery should not commence until after the Court determines whether this action should be arbitrated. If the Court determines this action should not be arbitrated, the parties jointly propose the following discovery plan:

(a) Discovery will be needed on these subjects: The basis of the claims in Plaintiff's Complaint, the basis of any liability of Defendant, Defendant's defenses, whether a class action can be maintained, and the basis of legally recoverable damages under applicable law.

(b) Disclosure or discovery of electronically stored information ("e-discovery") should be handled as follows: Pursuant to the default standards described in Local Rule 26.1(e), until such time, if ever, the parties reach an agreement and the court approves the parties' e-discovery plan.

(c) The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: If privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

(d) Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery: As set forth in Paragraph 3 above, the parties agree discovery should not commence until after the Court determines whether this action should be arbitrated.  If the Court determines this action should not be arbitrated (and subject to any stay of discovery), then 30 days after such determination the parties should serve initial disclosures required by Rule 26(a)(1) and commence discovery limited to whether this case should be maintained as a class action.  Discovery on other issues should be stayed until 30 days after the Court rules on a motion to certify this case as a class action or motion to strike Plaintiff's class allegations.  Fact discovery should be complete within 8 months after the parties commence discovery on issues other than

whether this case should be maintained as a class action. Expert discovery should be complete 3 months after the completion of fact discovery.

(e)     Maximum number of interrogatories by each party to another party, along with dates the answers are due: Maximum of 25 interrogatories by each party to another party, unless otherwise agreed or ordered by the Court. Answers and/or objections should be due 30 days after service, unless otherwise agreed or ordered by the Court.

(f)     Maximum number of requests for admission, along with the dates responses are due: Maximum of 25 requests for admission by each party to another party, unless otherwise agreed or ordered by the Court. Responses and/or objections should be due 30 days after service, unless otherwise agreed or ordered by the Court.

(g)     Maximum number of depositions for each party: 5, unless otherwise agreed or ordered by the Court.

(h)     Limits on the length of depositions, in hours: 7 hours per deposition, unless otherwise agreed or ordered by the Court.

(i)     Dates for exchanging reports of expert witnesses: Plaintiff should disclose his Rule 26 expert information 1 month after the close of fact discovery. Defendant should disclose its Rule 26 expert information 2 months after the close of fact discovery.

(j)     Dates for supplementations under Rule 26(e): No later than 30 days before the trial date.

4.     Other Items:

(a)     A date if the parties ask to meet with the court before a scheduling order: The Court has set a scheduling conference on June 23, 2022, at 2:00 p.m. Central, to be held via Microsoft Teams.

(b) Requested dates for pretrial conferences: 2 weeks before the trial date.

(c) Final dates for the plaintiff to amend pleadings or to join parties: Within 2 months after Defendant files an Answer.

(d) Final dates for the defendant to amend pleadings or to join parties: Within 2 months after filing an Answer.

(e) Final dates to file dispositive motions: Within 1 month after close of expert discovery.

(f) Prospects for settlement: The parties have had initial settlement discussions, but it is too early to determine the prospects for settlement.

(g) Identify any alternative dispute resolution procedure that may enhance settlement prospects: Mediation pursuant to the Court's ADR Plan.

(h) Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists: At least 30 days before trial.

(i) Final dates to file objections under Rule 26(a)(3): Within 14 days after Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists have been submitted.

(j) Suggested trial date and estimate of trial length: The parties estimate trial will last 3 to 5 days but believe setting a trial date is premature until the Court has determined whether this action will be arbitrated.

(k) Other matters:

    i. Maximum number of requests for production, along with the dates responses are due: Maximum of 25 requests for production by each party to another

party, unless otherwise agreed or ordered by the Court. Responses and/or objections should be due 30 days after service, unless otherwise agreed or ordered by the Court.

          Respectfully submitted,

          /s/ Ryan A. Strain
          George T. Lewis, III (TN BPR #7018)
          Ryan A. Strain (TN BPR #27565)
          BAKER DONELSON, BEARMAN,
          CALDWELL & BERKOWITZ, P.C.
          165 Madison Avenue, Suite 2000
          Memphis, TN 38103
          (901) 526-2000
          blewis@bakerdonelson.com
          rstrain@bakerdonelson.com

          *Attorneys for Defendants*


          /s/ Mohammed O. Badwan
          Mohammed O. Badwan
          SULAIMAN LAW GROUP, LTD.
          2500 South Highland Avenue
          Suite 200
          Lombard, Illinois 60148
          mbadwan@sulaimanlaw.com

          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2022, the foregoing document will be served via the Court's electronic filing notification, to the following:

Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
mbadwan@sulaimanlaw.com

*Attorneys for Plaintiff*

                                                   /s/ Ryan A. Strain
                                                   Ryan A. Strain